### JOSEPH P. MANNING V. JAMES P. VIERS.

FILED OCTOBER 17, 1893. No. 5052.

1. **Pleading**: CORRECTION OF NAME OF PARTY: DISCRETION OF TRIAL COURT. It is within the discretion of the trial court, in furtherance of justice, upon such terms as shall be proper, to allow the amendment of any pleading and process by correcting the name of a party thereto.

2. ——: ——: PREJUDICE. Where an amendment has been permitted by which the given name of the plaintiff is changed, no prejudice will be presumed from the mere fact of the change. Resulting prejudice, if any there was, must be made affirmatively to appear.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*Andrew Bevins*, for plaintiff in error.

*G. A. Rutherford, contra.*

RYAN, C.

This case was originally commenced in the court of a justice of the peace, wherein it was docketed, and entitled "Joseph C. Viers v. Joseph P. Manning." In the summons the plaintiff was described as Joseph C. Viers. The title of the case in the verdict was given as J. P. Viers, to whom the appeal bond ran as obligee. On appeal the case was docketed in the name of Joseph C. Viers as plaintiff. The petition, however, was filed in the name of James P. Viers, and the answer was entitled "James P. Viers v. Joseph P. Manning." On motion the title of the case was amended so that James P. Viers was the plaintiff named.

The only question of importance in this case is whether or not the district court erred in permitting this amendment of the name of the plaintiff. Section 144 of the Code of Civil Procedure provides that "The court may, either be-

fore or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party," etc. This language expressly authorized the court to amend the title of the case in the respect in which it was amended, and, therefore, no error can be predicated on the order of the court in that respect. If any prejudice resulted from the discretion exercised by the court in the allowance of the amendment complained of, such prejudice should have been made to appear in some manner. Without averment or proof we cannot presume its existence. The. judgment of the district court is

AFFIRMED.